UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WILLIAM TROY WEST,

    Plaintiff,

v.

CITY OF GRAND RAPIDS, et al.,

    Defendants.

                                           /

Case No.   1:23-cv-01348

Hon.   Robert J. Jonker
U.S. District Judge

# REPORT AND RECOMMENDATION

Plaintiff William Troy West filed this complaint asserting that he was unlawfully arrested. West asserts that the charges were ultimately dropped. West says that Defendants have continued a pattern of harassment and defamation. West says that he was severely beaten by Defendants, and he now fears for his life.

On October 25, 2024, a Court Notice sent to West at the Kent County Jail was returned as undeliverable because "INMATE NOT HERE."   (ECF No. 25.)

A plaintiff is required to "keep the Court apprised of a current address" and failure to do so "shall be grounds for dismissal for want of prosecution."   W.D. Mich. LCivR 41.1.   The Court has authority to dismiss a case under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute his case or to comply with rules, or a court order. It is well settled that the Court has inherent authority to dismiss *sua sponte* an action with prejudice for failure to prosecute.   *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).   As the United States Supreme Court explained:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., *id.*, at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* (footnotes omitted).

Plaintiff has failed to prosecute this case by updating his new address with the Court.

Accordingly, it is recommended that the Court dismiss this case for failure to prosecute.

2

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   October 28, 2024                                     /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U.S. MAGISTRATE JUDGE